UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES LA VERN HOWARD #135442,
on behalf of himself and all
similarly situated prisoners,

    Plaintiff,
v

CHIEF JUDGE WILLIAM C. WHITBECK,
and CHIEF JUSTICE MAURA D.
CORRIGAN, in their official
capacity,

    Defendants.
_____/

File No. 5:02CV0093
HON: Wendell A. Miles
    Senior, U.S. District Judge
MAG: Ellen S. Carmody
    U.S. Magistrate Judge

EXPEDITED CONSIDERATION
REQUESTED

### COMPLAINT FOR DECLARATORY JUDGEMENT AND PRELIMINARY INJUNCTION

    Plaintiff, James L. Howard, acting in pro per, hereby moves for a declaratory judgement and preliminary injunction pursuant to 28 U.S.C. §2201 et seq, 42 U.S.C. §1983 and Rule 57 and 65 of the Federal Rules of Civil Procedure, for the following reasons:

    1. This cause of action is filed under 42 U.S.C. §1983, challenging on constitutional grounds, the denial of access to Michigan's Appellate Courts on an appeal of right from a lower court decision in a civil rights suit.

    2. Plaintiff is challenging the denial of waiver of fees and costs and refusing to file an appeal because of indigency based on an unconstitutional application and operation of P.A. 1999, No 147-148 as amended, effective November 1, 1999, which added subsections (8) and (9).

3. Plaintiff is further challenging the past and current practice of the Defendants and Michigan Judges as a whole charging filing fees not authorized by statute for parole appeals and petition for judicial reviews contrary to the definition of MCL 600.5531; MSA 27A.5531.

4. Plaintiff will address in greater detail in the attached brief, both the practice that the Defendants and the majority of Michigan Judges have employed in either denying waiver of fees and costs and the filing of a new action or appeal, or charging fees not authorized by law, thereby denying Plaintiff and similarly situated prisoners due process and equal protection rights guaranteed by the United States Constitution.

5. Plaintiff has only filed one other civil rights suit after enactment of the PLRA of 1995 in File No. 1-97-CV-515. The suit was initially held to contain at least one cognizable constitutional claim. After successful appeal to the Sixth Circuit, reversal and remand the case was once again dismissed without prejudice on motion for summary judgment.

6. Plaintiff meets all of the requirements for a declaratory judgement and preliminary injunctive relief. Plaintiff is entitled to an injunction which (1) precludes the Defendants from denying waiver of fees and costs because of indigency and then refusing to file an appeal or new action because of inability to pay at least an initial partial filing fee, and (2) enjoins the unconstitutional application and operation of P.A. 1999, No. 147-148, being MCL 600.2963; MSA 27A.2963 of the Revised Judicature Act, and MCL 600.5531; MSA

27A.5531.

7. Plaintiff request appointment of counsel on this case of controversy and invites the ACLU to join.

WHEREFORE, for the reasons provided in the attached Brief, Plaintiff, James L. Howard, request that the Court issue a declaratory judgment declaring that: (1) both the defendants refusal to file Plaintiff's appeal and portions of said statute is unconstitutional, and (2) issue a preliminary injunction to enjoin the defendants from refusing to waive fees and costs and filing Plaintiff's appeal because of his inability to pay an initial partial filing fee.

Respectfully Submitted,

*James L. Howard*
James L. Howard
In Pro Per

Dated: 6/6, 2002