UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LA VERN HOWARD,
on behalf of himself and all
similarly situated prisoners,                                        Case No. 5:02-cv-93

    Plaintiff,                                                              Hon. Wendell A. Miles

v

CHIEF JUDGE WILLIAM C. WHITBECK
and CHIEF JUSTICE MAURA D. CORRIGAN,
in their official capacities,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**

    This case filed by a Michigan prisoner under 42 U.S.C. § 1983 came before the court on remand from the United States Court of Appeals for the Sixth Circuit. Howard v. Whitbeck, 382 F.3d 633 (6th Cir. 2004). The matter is currently before the court on Plaintiff's Motion for Reconsideration (docket no. 67) of the Judgment dismissing plaintiff's action for failure to state a claim.

    The court DENIES the motion for reconsideration.

**Discussion**

    Plaintiff filed his motion within 10 days after entry of the court's decision, if intervening weekends are excluded as provided by Fed.R.Civ.P. 6(a). The court may therefore view the motion as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e). See Moody v. Pepsi-

Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir. 1990).  A district court may grant reconsideration under Fed.R.Civ.P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice.  See GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir.1999).  W.D. Mich. L.Civ.R. 7.4(a) provides that a movant seeking reconsideration "shall not only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."

In support of his motion, plaintiff argues that the court made its decision without having had the benefit of briefing on the dispositive issues of whether he suffered actual injury and whether there was a protected interest at stake.  The plaintiff seemingly contends that the court should have ordered supplemental briefing on the issues after the Sixth Circuit ordered a remand.

The court did not issue its decision on remand until over four months after the Court of Appeals entered its mandate.  At no point during that time period did any party – including plaintiff – submit any additional briefing or even seek leave to do so.  This is not surprising, insofar as the parties had the opportunity to fully brief the issues which were the subject of the remand even before this court made its original decision.[1]  Under the circumstances, plaintiff's

---

[1] Plaintiff argues that the court's decision on remand considered only the arguments which he advanced in his Supplemental Brief in Support of His Motion for Summary Judgment (docket no. 29).  However, the court did and has considered all briefs filed by the parties, including all briefs filed by plaintiff both before and after counsel was appointed for plaintiff.  This includes Plaintiff's Supplemental Brief in Support of His Motion for Preliminary Injunction (docket no. 30).  In this second "Supplemental Brief," filed after counsel was appointed, plaintiff did not raise any additional arguments addressing his likelihood of success on the merits, instead relying solely on the analysis included in his Supplemental Brief in Support of His Motion for Summary Judgment (docket no. 29).
(continued...)

current position that the court should have either required or permitted additional briefing after remand has no merit.

Plaintiff's brief in support of his current motion raises no new arguments which could not have been made earlier. But even more importantly, he says nothing which convinces the court that it erred in its decision on remand.

Because it concluded that the court erred by applying the *Rooker-Feldman* doctrine to dismiss plaintiff's facial challenge for lack of subject matter jurisdiction, the Court of Appeals' remand was limited by its terms to consideration, on the merits, of this facial challenge. Howard, 382 F.3d at 635. Therefore, plaintiff's current arguments directed to an as-applied challenge are misplaced, as this court may not revisit the issue of the as-applied challenge. See id. ("Howard's remaining arguments, presumably directed towards preserving his 'as-applied' challenge or a broader general challenge, all fail").

Moreover, as the appellate court noted in its opinion, the "thrust" of plaintiff's complaint was "definitely" his "as-applied" challenge, which was not the subject of the remand. 382 F.3d at 640. Even though plaintiff had elected not to make the facial challenge the thrust of his case, this court carefully and fully considered the issues presented by that challenge on remand. A plaintiff raising such a challenge faces a "heavy burden[.]" Rust v. Sullivan, 500 US. 173, 183, 111 S.Ct. 1759, 1767 (1991). "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." United States v. Salerno, 481 U.S.

---

[1](...continued)

739, 745, 107 S.Ct. 2095, 2100 (1987).  Here, plaintiff's facial challenge fails because Michigan's fee statute is capable of broad constitutional application.

Finally, plaintiff is simply wrong in his current argument that the court should apply strict scrutiny to his equal protection challenge.  Harper v. Virginia State Bd. of Elections, 383 U.S. 663, 86 S.Ct. 1079 (1966), on which plaintiff relies for this argument, involved the right to vote, which is not at issue here.  Assuming that a prisoner has a fundamental right to file a civil action to challenge the conditions of his confinement, a state legislature's decision not to subsidize the exercise of that right does not infringe that right, and thus is not subject to strict scrutiny.  See Regan v. Taxation with Representation of Washington, 461 U.S. 540, 549, 103 S.Ct. 1997, 2003 (1983) (holding that First Amendment rights were not violated by declining to subsidize lobbying activities).

Plaintiff has not convinced the court that it erred as a matter of law in dismissing this action for failure to state a claim.  The court therefore **DENIES** plaintiffs' motion for reconsideration.

So ordered this 30th day of September, 2005.

    /s/ Robert Holmes Bell
Robert Holmes Bell
Chief United States District Judge
for
Wendell A. Miles
Senior United States District Judge

4